| Case No. | **CV 18-2198-DMG (RAOx)** | Date | March 27, 2018 |
|---|---|---|---|

| Title | *Tracey Saunders v. U.S. Bank, N.A., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING THE ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

    On March 19, 2018, the Court ordered Defendants Wells Fargo Bank, N.A. and U.S. Bank, N.A. to show cause why this action should not be remanded to Los Angeles County Superior Court ("OSC"). [Doc. # 8.] On March 26, 2018, Defendants Wells Fargo Bank, N.A. and U.S. Bank, N.A. filed their response to the OSC, wherein they assert that the non-diverse Defendant (*i.e.*, Barrett Daffin Frappier Treder & Weiss LLP or "BDFTW") should be disregarded for the purposes of 28 U.S.C. § 1332(a) because it is a nominal party who was fraudulently joined to this action. [Doc. # 9.] The Court disagrees.

    First, Defendants claim that BDFTW is a nominal party because it is merely an agent of the lender and, "[i]t is well established that, unless an agent or employee *acts as a dual agent* . . . [it] cannot be held individually liable as a defendant unless [it] acts for [its] own personal advantage." Resp. to OSC at 3 (emphasis added) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)). Assuming *arguendo* that BDFTW could be liable only if it acted as a dual agent or for its own personal advantage, Defendants' argument fails because they conceded in their Removal Notice that a trustee functions as "a common agent for the trustor and beneficiary." *See* Removal Notice at 5 (quoting *Pro Value Props., Inc. v. Quality Loan Serv. Corp.*, 170 Cal. App. 4th 579, 583 (2009)) [Doc. # 1].

    Second, Defendants contend that BDFTW cannot be liable to Plaintiff because its conduct is privileged unless there is a showing of malice, and Plaintiff is not permitted to amend her complaint to "change the facts alleged . . . in a way that would defeat diversity jurisdiction." *See* Resp. to OSC at 3, 5 (emphasis deleted) (citing Cal. Civ. Code §§ 2924(d), 47(c)). Defendants further argue that the following passage from the Complaint does not sufficiently allege malice: "'the acts of the Defendants were intentional and malicious, as they knew or should have known that the loan agreements were in violation of' various California statutes and/or public policies." *See id.* at 4 (quoting Removal Notice, Ex. A at ¶ 106 [Doc. # 1]). Even assuming that Defendants' asserted blanket limitation on Plaintiff's right to amend is valid (*i.e.*,

UNITED STATES DISTRICT COURT     JS-6 /REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-2198-DMG (RAOx)** | Date | March 27, 2018 |
|---|---|---|---|
| Title | *Tracey Saunders v. U.S. Bank, N.A., et al.* | Page | 2 of 2 |

she cannot "change the facts alleged"), there is no indication that Plaintiff is unable to allege more specific facts showing that BDFTW maliciously and unlawfully enforced the underlying loan agreements by recording the foreclosure notices.[1] *See* Resp. to OSC at 6 (emphasis deleted) (suggesting that remand may be appropriate if "the plaintiff could amend to more specifically plead a theory of recovery against one defendant"); *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159–60 (C.D. Cal. 2009) (internal quotation marks omitted) ("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency . . . . [A] state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham [for the purposes of fraudulent joinder]."); *see, e.g.*, Removal Notice, Ex. A at ¶ 109.b (alleging that "Defendants engaged in unlawful and deceptive business practices with respect to the acceptance and recording of a beneficial interest in a mortgage loan by: . . . [a]ttempting to enforce a [deed of trust] and a Note to which Defendants' [sic] have no legal standing to do so").

For the foregoing reasons, Defendants Wells Fargo and U.S. Bank have failed to overcome the "'strong presumption' against removal jurisdiction . . . ." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, the Court **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[1] Although Defendants assert that "Plaintiff does not contend that the loan was originated through fraud, was unconscionable or *otherwise unenforceable*," *see* Resp. to OSC at 4 (emphasis added), the Complaint alleges that the assignment of the deed of trust and promissory note to Defendant U.S. Bank is void. *See, e.g.*, Removal Notice, Ex. A at ¶ 54 [Doc. # 1].